UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-61731-CIV-ZLOCH

SECURITIES AND EXCHANGE
COMMISSION,

   Plaintiff,       **DEFAULT FINAL JUDGMENT**
               **AS TO DEFENDANT**
vs.              **LOUIS N. GALLO III**

JAMES C. HOWARD, III, et al.,

   Defendants.
_____/

   THIS MATTER is before the Court upon Plaintiff's Motion For Entry Of Default Judgment Of Permanent Injunction And Other Relief Against Defendant Louis N. Gallo III (DE 33).  The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

   By prior Order (DE 32), the Court entered default against Defendant Louis N. Gallo, III.  Plaintiff now moves for Default Final Judgment as to Defendant Gallo.  The well-pleaded allegations made in Plaintiff's Complaint (DE 1) are deemed to have been admitted by Defendant by virtue of his default.  Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1277-78 (11th Cir. 2005) (citations omitted).  Thus, the Court finds that Defendant Gallo committed the violations alleged in the Complaint (DE 1).

   Accordingly, after due consideration, it is

   **ORDERED AND ADJUDGED** as follows:

   1. The Court has personal jurisdiction over the Parties hereto and the subject matter herein;

2. Plaintiff's Motion For Entry Of Default Judgment Of Permanent Injunction And Other Relief Against Defendant Louis N. Gallo III (DE 33) be and the same is hereby **GRANTED** solely as it relates to Defendant Louis N. Gallo, III;

3. Pursuant to Federal Rules of Civil Procedure 55 and 58, Default Final Judgment be and the same is hereby **ENTERED** in favor of Plaintiff the Securities and Exchange Commission and against Defendant Louis N. Gallo, III upon the Compliant (DE 1) filed herein;

4. The Court hereby **ORDERS** that Defendant Gallo and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77e(a) and 77e(c), by, directly or indirectly, in the absence of any applicable exemption:

> (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;
>
> (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the

mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h;

5. It is further **ORDERED** that Defendant Gallo and his servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to

defraud;

(b)   to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)   to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchase by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

   (A)   any investment strategy or investment in securities,
   (B)   the prospects for success of any product or company,
   (C)   the use of investor funds,
   (D)   compensation to any person,
   (E)   Gallo's qualifications to advise investors; or
   (F)   the misappropriation of investor funds or investment proceeds;

6. It is further **ORDERED** that Defendant Gallo and his agents, servants, employees, attorneys, and all persons in active concert

or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective

investor, about:

    (A) any investment strategy or investment in securities,

    (B) the prospects for success of any product or company,

    (C) the use of investor funds,

    (D) compensation to any person,

    (E) Gallo's qualifications to advise investors; or

    (F) the misappropriation of investor funds or investment proceeds;

7. It is further **ORDERED** that Defendant Gallo shall pay disgorgement of ill-gotten gains, prejudgment interest thereon pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). The Court shall determine the amounts of the disgorgement upon motion of the Commission. Prejudgment interest shall be calculated from January 31, 2011 to the date of entry of the order of disgorgement against Gallo, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Gallo will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Gallo may

not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties;

8. It is further **ORDERED** that Defendant Gallo shall pay a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d). The amount of the civil penalty shall be determined by the Court upon motion of the Commission at a date to later be determined by the Court;

9. The Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances; and

10. To the extent not otherwise disposed of herein, all pending motions as to Defendant Gallo are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 12th day of June, 2013.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record