UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-61731-CIV-ZLOCH

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

vs.                     **DEFAULT FINAL JUDGMENT**

MICHAEL R. CASEY, et al.,

      Defendants.
_____/

THIS MATTER is before the Court on Plaintiff Securities and Exchange Commission's Motion to Strike Defendant Michael R. Casey's Answer And Enter Default Judgment Against Him Pursuant to Fed. R. Civ. P. 37(d) (DE 48). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

<u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

1. This Court has personal jurisdiction over Casey and the subject matter of this action. Venue is proper in the Southern District of Florida.

2. Casey was properly served with a summons and a copy of the Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. Thus, he has proper notice of this action.

3. Additionally, Casey was properly served with notice of his deposition. His deposition was held on January 13, 2016, but Casey failed to appear.

1

4. Further, Casey has fled the jurisdiction. In fact, on August 28, 2014, a Grand Jury indicted Casey for knowingly failing to appear before the court in a parallel criminal case. See <u>United States v. Michael Casey</u>, Case No. 13-20619-CR-MORENO. Court records indicate that he remains a fugitive.

5. Pursuant to Federal Rules of Civil Procedure Fed. R. Civ. P. 37(b)(2)(A)(iii), 37(b)(2)(A)(vi), and 37(d)(3), the Court finds it is appropriate to strike Casey's Answer (DE 17) and enter default judgment against him.

6. By virtue of the default judgment, Casey "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." <u>Buchanan v. Bowman</u>, 820 F.2d 359, 361 (11th Cir. 1987). Thus, the Court finds Casey committed the violations alleged in the Complaint.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Commission's Motion to Strike Defendant Michael R. Casey's Answer And Enter Default Judgment against Him Pursuant to Fed. R. Civ. P. 37(d) is **GRANTED** as follows:

1. Defendant Michael R. Casey's Answer (DE 17) be and the same is hereby **STRICKEN**;

2. Pursuant to Federal Rules of Civil Procedure 55 and 58, Default Final Judgment be and the same is hereby **ENTERED** in favor

of Plaintiff Securities And Exchange Commission and against Defendant Michael R. Casey upon the Complaint (DE 1) filed herein as follows:

### I. SECTIONS 5(A) AND 5(C) OF THE SECURITIES ACT OF 1933

**IT IS ORDERED AND ADJUDGED** that Casey is permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject

of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Casey's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Casey or with anyone described in (a).

## II. SECTION 17(A) OF THE SECURITIES ACT OF 1933

**IT IS FURTHER ORDERED AND ADJUDGED** that Casey is permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

4

    (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (a) any investment strategy or investment in securities,

    (b) the prospects for success of any product or company,

    (c) the use of investor funds,

    (d) compensation to any person,

    (e) Casey's qualifications to advise investors; or

    (f) the misappropriation of investor funds or investment proceeds.

    **IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Casey's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Casey or with anyone described in (a).

<u>III. SECTION 10(B) OF THE SECURITIES EXCHANGE ACT OF 1934</u>

    **IT IS FURTHER ORDERED AND ADJUDGED** that Casey is permanently

restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(a) any investment strategy or investment in securities,

(b) the prospects for success of any product or company,

(c) the use of investor funds,

(d) compensation to any person,

6

(e) Defendant's qualifications to advise investors; or

(f) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Casey's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Casey or with anyone described in (a).

## IV. DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Casey shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from January 31, 2011, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Casey will be precluded from arguing that he did not violate the federal securities laws as alleged in the

Complaint; (b) Casey may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## V. BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Casey, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Casey under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Casey of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19); and

3. The Court will retain jurisdiction over the above-styled

cause solely for the purpose of enforcing this Default Final Judgment; and

4. To the extent not otherwise disposed of herein, all pending motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _3rd_ day of May, 2016.


WILLIAM J. ZLOCH
United States District Judge

Copies furnished:
All Counsel of Record