UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-61731-CIV-ZLOCH

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

vs.                                  **O R D E R**

JAMES C. HOWARD III,
MICHAEL R. CASEY, AND
LOUIS N. GALLO III,

      Defendants,

SUTTON CAPITAL, LLC,
J&W TRADING, LLC,
AMERICAN FINANCIAL SOLUTIONS,
LLC, AND MINJO CORPORATION,

      Relief Defendants.
_____/

**AMENDED FINAL JUDGMENT AS TO DEFENDANT MICHAEL R. CASEY SETTING DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY AMOUNTS**

THIS MATTER is before the Court upon Plaintiff's Motion For Final Judgment Against Defendant Michael R. Casey And To Set Disgorgement, Prejudgment Interest, And Civil Penalty Amounts (DE 53). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

On May 31, 2016, this Court entered a Default Judgment of Permanent Injunction and Other Relief against Defendant Michael R. Casey (DE 50). The Judgment of Permanent Injunction provides the Court shall determine the amounts of the disgorgement, prejudgment interest, and a civil penalty upon the Commission's motion pursuant to Section 20(d) of the Securities Act of 1933 (the "Securities

Act"), 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u(d)(3). The injunctive and other relief imposed by the May 31, 2016 Order remains in full effect.

Accordingly, after due considerations, it is

**ORDERED AND ADJUGED** as follows:

1. Plaintiff's Motion For Final Judgment Against Defendant Michael R. Casey And To Set Disgorgement, Prejudgment Interest, And Civil Penalty Amounts (DE 53) be and the same is hereby **GRANTED**;

2. The injunctive and other relief imposed against Defendant Casey by the May 31, 2016 Order shall remain in full effect;

3. Defendant Casey is liable for disgorgement of $27,500,000, representing profits gained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $6,390,618.58, and a civil penalty in the amount of $150,000 pursuant to Section 20(d) of the Securities Act, U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

4. The total amount payment of $34,040,618.58 shall be due and payable within fourteen (14) days from the date of this Final Judgment.

Defendant Casey may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from

a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Casey may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Casey as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment. Defendant Casey shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant Casey relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Casey.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for

disgorgement, prejudgment interest, and a civil penalty by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of the Final Judgment.  Casey shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961;

5. The Court shall retain jurisdiction over this matter and Casey in order to implement and carry out the terms of this Judgment and all Orders and Decrees that may be entered, and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ____15th____ day of February, 2018, nunc pro tunc to Tuesday, August 22, 2017.

_____
WILLIAM J. ZLOCH
Sr. United States District Judge

Copies furnished:

All Counsel of Record